IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS FIGUEROA,

   Plaintiff,

-vs-

BANK OF AMERICA, N.A., , a foreign corporation, f/k/a BAC HOME LOANS SERVICING, LP,

   Defendant.

_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT

   The Plaintiff, CARLOS FIGUEROA, sues the Defendant, BANK OF AMERICA, N.A., and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

   1.   Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant BANK OF AMERICA, N.A., , (hereafter "BOA'), in violation of 47 U.S.C. § 227, *et seq.*, the Telephone Consumer Protection Act of 1991 (hereafter "TCPA") and the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA").

   2.   Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and supplemental jurisdiction under 28 U.S.C. § 1367 for the related state law claims.

   3.   The alleged violations described herein occurred in Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the

judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## PARTIES

4. Plaintiff, CARLOS FIGUEROA, is and was at all material times a natural person over the age of eighteen (18), who resides in Ruskin, Hillsborough County, Florida.

5. Plaintiff CARLOS FIGUEROA is the "called party" with respect to the calls placed to his cellular telephone number, (585) 704-4222, as further described herein. See Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012); Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265, 1266, 1267 Communications Reg. (P & F) 934, (11th Cir.2014).

6. At all times material hereto, Defendant, BOA was a foreign corporation authorized to conduct business and conducting business in the state of Florida, with its principal place of business at 100 North Tryon Street, Charlotte, N.C. 28255.

## FACTUAL ALLEGATIONS

7. At all times material hereto, Defendant BOA sought to collect an alleged mortgage loan debt from Plaintiff CARLOS FIGUEROA that arose from a transaction allegedly incurred for personal, family or household purposes, and is therefore a "consumer debt" as that term is defined by section 559.55(6), Florida Statutes.

8. Prior to the conduct at issue in this action, Plaintiff's agent, U.S. Loan Mitigation, L.L.C., sent Defendant BOA a letter, which was signed by Plaintiff on July 19, 2011, identifying the Account/Loan number at issue, 185348514, the Plaintiff's property address associated with the mortgage loan, and informing Defendant that U.S. Loan Mitigation had been retained by Plaintiff to pursue a modification of the mortgage loan, that Plaintiff authorized U.S. Loan

Mitigation to communicate with Defendant regarding the mortgage loan at issue, and specifically instructing BOA to cease and desist from any further direct communication with Plaintiff in relation to the subject mortgage loan, including but not limited to telephone calls. The letter further instructed BOA that all subsequent communications regarding the subject mortgage loan should be directed to U.S. Loan Mitigation. A copy of the letter is attached hereto as Exhibit "A."

9. Thereafter, in or about September of 2011, Defendant, BOA began initiating calls to Plaintiff's cellular telephone number, (585) 704-4222, in an effort to collect the subject mortgage loan debt.

10. Upon answering several of these calls, Plaintiff advised BOA's representatives that a cease and desist letter had been sent to BOA specifically instructing BOA to stop placing calls to Plaintiff, and that all communications regarding the subject mortgage loan were to be directed to Plaintiff's agent, U.S. Loan Mitigation.

11. Thereafter, Defendant BOA continued initiating calls to Plaintiff CARLOS FIGUEROA'S aforementioned cellular telephone number in an effort to collect the subject mortgage loan debt, disregarding Plaintiff's written and verbal instructions to cease placing such calls.

12. Defendant BOA intentionally harassed and abused the Plaintiff on numerous occasions by and through their agents and representatives, including but not limited to calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass the Plaintiff.

13. To date, Plaintiff has received approximately two hundred (200) calls on his aforementioned cellular telephone number from Defendant.

14. Despite Plaintiff demanding that Defendant BOA stop placing calls to his aforementioned cellular telephone number, Defendant BOA, in an effort to collect the above described alleged debt, proceeded to engage in conduct in violation of the TCPA and FCCPA, as described herein.

15. The telephone calls at issue were placed by Defendant BOA using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "autodialer").

16. Defendant BOA initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" of Plaintiff as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

17. Alternatively, Defendant BOA initiated each of the calls at issue to Plaintiff CARLOS FIGUEROA's aforementioned cellular telephone number subsequent to Plaintiff's revocation of any "prior express consent" Plaintiff may have previously provided to Defendant, or that Defendant mistakenly believed it had.

18. Additionally, none of the telephone calls at issue were placed by Defendant BOA to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

19. Defendant BOA consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors with respect to the collection activity alleged herein.

20. Defendant BOA has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

21. Defendant BOA willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

22. Despite actual knowledge of its wrongdoing, Defendant BOA continued the campaign of harassment and abuse.

23. Defendant BOA's corporate policy is structured to continue to call individuals like the Plaintiff, despite these individuals requests to stop calling.

24. Defendant BOA's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

25. Defendant BOA followed its corporate policies when attempting to communicate with the Plaintiff in an effort to collect the alleged debt described herein.

26. Defendant BOA has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

27. Defendant BOA has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

## COUNT I
## VIOLATION OF THE TCPA AGAINST BOA

28. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (27), as if fully set forth herein.

29. None of the calls at issue were placed by Defendant BOA to Plaintiff's aforementioned cellular telephone number with the "prior express consent" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

30. Furthermore, Plaintiff revoked any "prior express consent" Defendant BOA had or mistakenly believed it had by:

   a. Expressly instructing Defendant in writing to cease and desist all further communication with Plaintiff in relation to the subject mortgage loan, specifically including all phone calls; and

   b. Verbally instructing Defendant on numerous occasions to stop placing calls to his aforementioned cellular telephone number.

31. Additionally, none of the calls at issue were placed by Defendant BOA to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

32. Defendant BOA willfully and/or knowingly violated the TCPA with respect to Plaintiff CARLOS FIGUEROA by repeatedly placing non-emergency calls to Plaintiff's

aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, and after Plaintiff instructed Defendant to discontinue calling Plaintiff, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

33. The TCPA provides Plaintiff with a private right of action against Defendant BOA for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff CARLOS FIGUEROA respectfully demands judgment against Defendant BOA for statutory damages, actual damages, punitive damages, costs, interest, an injunction from further violations of these parts, and for such other relief as this Court deems just and proper.

## COUNT II
### VIOLATION OF THE FCCPA AGAINST BOA

34. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (27), as if fully set forth herein.

35. At all times material to this action Defendant BOA was and is subject to and must abide by the laws of Florida, including section 559.72, Florida Statutes.

36. Defendant BOA engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully communicating with the Plaintiff or any member of his family with such frequency as can reasonably be expected to harass the Plaintiff.

37. Defendant BOA engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in other conduct which can reasonably be expected to abuse or harass the Plaintiff.

38. The actions of Defendant BOA have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by section 559.77, Florida Statutes, including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life; and attorneys' fees, interest and costs.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant BOA for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorneys' fees, costs, interest and such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

    Respectfully submitted,

    */s/David P. Mitchell*
    David P. Mitchell, Esq.
    Florida Bar No. 067249
    MANEY & GORDON, P.A.
    101 East Kennedy Blvd., Suite 3170
    Tampa, Florida 33602
    Telephone: (813) 221-1366
    Fax: (813) 223-5920
    David@MitchellConsumerLaw.com
    D.Mitchell@maneygordon.com
    V.Marrero@maneygordon.com
    Counsel for Plaintiff

# EXHIBIT "A"

U.S. Loan Mitigation, LLC



# U.S. LOAN MITIGATION, LLC

Client: Carlos Figueroa
Address: 2133 Colville Chase Drive, Ruskin, FL 33570

Lender: Bank of America/BAC Home Loan Servicing, LP
Account # 185348514

This letter will serve as your legal notice pursuant to the Fair Debt Collection Practices Act. 15 U.S.C. section 805, to cease and desist all further communication with our client in regard to his home mortgage debt, property listed above.

   He has decided that he does not want to work with your collection services under any circumstances. U.S. Loan Mitigation ,LLC and its attorney will be the only contact to resolve this matter. By sending this letter it is my client's intention that you stop all of your calls to Mr. Figueroa and collection/debt calls at once. We will also reserve the right to file a suit against you for any future violations of this law. Please keep a copy of this in Mr. Figueroa's file.

Client: *Carlos Figueroa* ) ss# ███ ██ ████

Date: 7-19-11

U.S. LOAN MITIGATION, LLC
Ph. 813.966.5223
Fax 813-260-2977
e-mail: usloanhelp@aol.com